**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------x
                                              :
In re                                         :          Chapter 11
                                              :
HOMER CITY                                    :          Case No. 17-10086 (MFW)
GENERATION, L.P.                              :
                                              :
              Debtor.[1]                      :          Re Docket No. 11
-------------------------------------------------------x

### DEBTOR'S MOTION FOR ORDER SHORTENING NOTICE AND OBJECTION PERIODS REGARDING DEBTOR'S MOTION FOR AUTHORITY TO ASSUME THE RESTRUCTURING SUPPORT AGREEMENT AND RELATED RELIEF

Homer City Generation, L.P., the debtor and debtor in possession in the above-caption chapter 11 case (the "**Debtor**"), hereby files this motion (the "**Motion to Shorten**") and respectfully states as follows:

### Background

1.       On the date hereof (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

2.       On January 9, 2017, the Debtor, a group of holders of the Debtor's secured notes (the "**Notes**" and the holders thereof, the "**Consenting Noteholders**"), and certain affiliates

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The location of the Debtor's principal place of business is 1750 Power Plant Road, Homer City, Pennsylvania 15748.

of General Electric Company[2] ("**GE**" and collectively with the Consenting Noteholders, the

"**RSA Parties**") entered into a Restructuring Support Agreement (the "**RSA**") with respect to the

*Prepacked Chapter 11 Plan of Reorganization of Homer City Generation, L.P.* (the "**Plan**").

3.      Before the Commencement Date, the Debtor began the solicitation of

votes on the Plan through the *Disclosure Statement for Prepackaged Chapter 11 Plan of*

*Reorganization of Homer City Generation, L.P.* (the "**Disclosure Statement**") pursuant to

sections 1125 and 1126(b) of the Bankruptcy Code.  The Debtor expects that the Plan will be

accepted by the class entitled to vote in excess of the statutory thresholds specified in section

1126(c) of the Bankruptcy Code.

4.      Contemporaneously herewith, the Debtor filed the *Debtor's Motion for*

*Authority to Assume the Restructuring Support Agreement and Related Relief* (the "**RSA**

**Motion**").

5.      Information regarding the Debtor's business, capital structure, and the

circumstances leading to the commencement of this chapter 11 case is set forth in the

*Declaration of John R. Boken in Support of the Debtor's Chapter 11 Petition and First Day*

*Relief*, sworn to on the date hereof (the "**Boken Declaration**"), which has been filed with the

Court contemporaneously herewith and is incorporated by reference herein.

### Jurisdiction and Venue

6.      The Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware, dated February 29, 2012.  This is a core

---

[2] Such affiliates are EFS LP; EFS-N LLC; GE Capital Holdings, Inc.; and GPFS Securities Inc.

proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409.

7.     Pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local**

**Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this

Motion to Shorten to the extent that it is later determined that the Court, absent consent of the

parties, cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

**Relief Requested**

8.     By this Motion to Shorten, pursuant to Rule 9006(c)(1) of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 9006-1(c)-(e), the

Debtor respectfully requests entry of an order (the "**Proposed Order**") substantially in the form

attached hereto as **Exhibit A**, shortening the notice and objection periods for the RSA Motion

and scheduling a hearing on or about **fourteen (14) days** from the date hereof.

**Basis for Relief Requested**

9.     Local Rule 9006-1(c) requires that all motion papers be filed and served at

least eighteen (18) days prior to a hearing date scheduled for such motion, and an additional

three (3) days if notice is given by mail, unless the Bankruptcy Rules state otherwise.

Notwithstanding these time requirements, Bankruptcy Rule 9006(c)(1) provides that "when an

act is required or allowed to be done at or within a specified time by these rules or by a notice

given thereunder or by order of court, the court for cause shown may in its discretion with or

without motion or notice order the period reduced."  *See also* Local Rule 9006-1(e) ("No motion

will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P.

3

except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice.").

10.     The Debtor respectfully submits that the circumstances here justify expedited consideration of the RSA Motion.  The RSA is the culmination of several months of negotiations between the Debtor and its significant constituents, the Consenting Noteholders and GE.  Those negotiations commenced after the Debtor's unsuccessful attempt to sell its business as a going concern at a suitable price.  Through extensive negotiations with the Consenting Noteholders and GE, the Debtor built consensus around the terms of the RSA in order to maximize value.  As more fully described in the RSA Motion, the RSA is critical to this chapter 11 case, contemplating the terms for a debt-for-equity swap of the Notes and a transfer of ownership and financial management to the holders of those Notes, including the Consenting Noteholders.

11.     Proceedings in this chapter 11 case are expected to move briskly, as reflected in the RSA.  For example, if an order confirming the Plan is not entered within 60 days after the Commencement Date, the RSA Parties have the ability to terminate the RSA and are no longer bound by its terms.  RSA § 6.

12.     Assuming the RSA promptly will assure that the RSA Parties stay on path to achieving confirmation in that 60 day window.  Therefore, it is in the best interests of the Debtor, its estate, creditors and all other parties in interest that a hearing be held on shortened notice, so that the RSA can be assumed as soon as possible, thereby putting the Debtor on the path to successfully navigate and exit this chapter 11 case within the timeframe allotted by the RSA.

RLF1 16586176V.1

13.      Importantly, every major financial constituency in this case either supports the relief sought in the RSA Motion or will benefit from it because they are unimpaired under the Plan contemplated by the RSA.[3]  Specifically, the Consenting Noteholders and GE -- the RSA Parties -- support the RSA Motion, and general unsecured creditors as well as priority creditors, if any, are unimpaired if the Plan is approved and becomes effective.

14.      Based on the foregoing, the Debtor believes that cause exists for the RSA Motion to be heard on an expedited basis.

## Notice

15.      Notice of this Motion to Shorten has been provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtor's thirty (30) largest unsecured creditors on a consolidated basis, (iii) counsel to the Consenting Noteholders, (a) O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn: George Davis, Esq., Andrew Parlen, Esq., and Joseph Zujkowski, Esq.) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Sean Beach, Esq.) (iv) counsel to the Collateral Agent, Emmet, Marvin & Martin, LLP (Attn: Thomas A. Pitta, Esq.), (v) counsel to GE (a) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Sunny Singh, Esq.) and (b) Reed Smith LLP,  1201 N. Market Street, Suite 1500, Wilmington, DE 19801 (Attn: Kurt Gwynne, Esq.), (vi) the Securities and Exchange Commission, (vii) the Internal Revenue Service, (viii) the United States Attorney's Office for the District of Delaware, (ix) the Debtor's banks and financial institutions, and (x) any other party entitled to notice pursuant to Local Rule 9013-1(m) (the "**Notice Parties**").

---

[3] At the time of filing this Motion to Shorten, the Debtor does not know the United States Trustee's position.

16.    The Debtor respectfully submits that no further notice is required.  No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter the proposed form of order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as it deems just and proper.

Dated:    January 11, 2017            */s/ Mark D. Collins*
        Wilmington, Delaware        RICHARDS, LAYTON & FINGER, P.A.
        Mark D. Collins (No. 2981)
        Russell C. Silberglied (No. 3462)
        Paul N. Heath (No. 3704)
        Joseph C. Barsalona II (No. 6102)
        Andrew M. Dean (No. 6147)
        One Rodney Square
        920 North King Street
        Wilmington, Delaware 19801
        Telephone:    (302) 651-7700
        Facsimile:    (302) 651-7701
        Email:        collins@rlf.com
                silberglied@rlf.com
                heath@rlf.com
                barsalona@rlf.com
                dean@rlf.com

        *Proposed Attorneys for the Debtor and Debtor in Possession*

6

# **EXHIBIT A**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------x
                                                        :
In re                                                   :          **Chapter 11**
                                                        :
**HOMER CITY**                                          :          **Case No. 17-10086 (MFW)**
**GENERATION, L.P.**                                    :
                                                        :
               **Debtor.**[1]                           :          Re: Docket Nos. __ & __
-------------------------------------------------------x

**ORDER SHORTENING NOTICE AND OBJECTION PERIODS REGARDING**
**DEBTOR'S MOTION FOR AUTHORITY TO ASSUME THE RESTRUCTURING**
**SUPPORT AGREEMENT AND RELATED RELIEF**

       Upon the Motion, dated January 11, 2017 (the "**Motion to Shorten**"),[2] of Homer

City Generation, L.P., as debtor and debtor in possession (the "**Debtor**"), for an order pursuant to

Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(c)-(e), requesting shortened notice on the

RSA Motion, all as more fully described in the Motion to Shorten; and the Court having

jurisdiction to consider the Motion to Shorten and the relief requested therein in accordance with

28 U.S.C. §§ 157 and 1334; and consideration of the Motion to Shorten and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon due and sufficient notice of the

Motion to Shorten having been provided under the particular circumstances, and it appearing that

no other or further notice need be provided; and the Court having determined that the relief

requested in the Motion to Shorten to be in the best interests of the Debtor, its estate and

creditors, and any parties in interest, and the legal and factual bases set forth in the Motion to

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The location of the Debtor's principal place of business is 1750 Power Plant Road, Homer City, Pennsylvania 15748.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the RSA Motion and RSA, as applicable.

Shorten having established just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

1.      The Motion to Shorten is granted.

2.      The hearing to consider the RSA Motion and the relief requested therein

shall be held on **January __, 2017 at ____ __.m. (prevailing Eastern Time) (the "Hearing").**

3.      Objections to the relief requested in the RSA Motion, if any, may be filed

either prior to, or raised orally at, the Hearing.

4.      The Debtor is authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order in accordance with the Motion to Shorten.

5.      This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.


Dated:    January __, 2017
          Wilmington, Delaware

                              _____
                              THE HONORABLE MARY F. WALRATH
                              UNITED STATES BANKRUPTCY JUDGE

2